**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| Charles Adam Hershman, | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | Appeal from U.S. Bankruptcy Court, |
| NATIONAL CITY MORTGAGE CO. | ) | Northern District of Indiana |
| d/b/a Commonwealth United Mortgage Co., | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-cv-134 |
| | ) | |
| STACIA L. YOON, Trustee, | ) | |
| | ) | |
| Appellee/Trustee. | ) | |

**OPINION AND ORDER**

National City Mortgage holds a mortgage on property owned by Charles Hershman.

After Hershman filed Chapter 7 bankruptcy in late 2007, the Bankruptcy Trustee sought to avoid

the mortgage on the grounds that the mortgage's acknowledgment had an incorrect name on it,

thus making the mortgage defective because it did not provide bona fide purchasers constructive

notice of the mortgage. The Bankruptcy Court agreed with the Trustee and avoided the

mortgage. National City appeals that judgment. For the reasons stated below, I disagree with the

decision of the Bankruptcy Judge, and the matter is therefore reversed.

\* \* \* \*

Debtor Charles Hershman purchased real estate located in Griffith, Indiana from Timothy

M. Zaberac, on March 31, 2003. Hershman got a mortgage on the property from National City

Mortgage in the amount of $125,037.00. (DE 1-7.) The note and mortgage were recorded with

the Lake County Recorder on April 4, 2003. (DE 1-7.) But as it turned out, there was an error in

the recording of the mortgage; the seller's name – "Timothy M. Zaberac" – was typed onto the acknowledgment of the mortgage, rather than Hershman's name. (DE 1-7.) This became a problem because about four years later, in October 2007, Hershman filed a Chapter 7 bankruptcy. And when the Trustee saw the error in the acknowledgment, she filed a complaint seeking to avoid the mortgage. (DE 7-1, at 1.) The Trustee claims that the error in the acknowledgment renders the mortgage void. Bankruptcy Judge Klingeberger agreed with the Trustee and thus avoided the mortgage. If the Trustee is correct, then National City gets demoted from a secured creditor to an unsecured one.

The starting point in determining whether the mortgage is voidable is Title 11, United States Code, Section 544(a)(3), which essentially places the Trustee in the shoes of a bona fide purchaser. A bona fide purchaser who buys real estate in good faith but without actual or constructive notice that a third party has rights in the property takes title to the property free and clear of the third party's claim. Section 544(a)(3) thus "allows a bankruptcy trustee to avoid [] an encumbrance when it would be avoidable by a bona fide purchaser." *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1333 (7th Cir. 1986).

Actual knowledge of an encumbrance on a property is irrelevant under § 544(a)(3). *In re Sandy Ridge*, 807 F.2d at 1336; *In re Baldin*, 135 B.R. 586, 594 (Bankr. N.D. Ind. 1991). Rather, an encumbrance can be avoided only if a bona fide purchaser would not have constructive notice of it. *In re Baldin*, 135 B.R. at 594. And to decide whether a bona fide purchaser has constructive notice, I must interpret Indiana law. *In re Sagamore Park*, 1995 WL 1049898, at *2 ("In order to ascertain the extent of those rights [of a bona fide purchaser], the court must look to state law.").

There is an Indiana statute that enumerates the requirements for the valid recording of a

mortgage. That statute states, in relevant part, that in order for a mortgage to be properly

recorded it must be "acknowledged by the grantor." Indiana Code § 32-21-2-3. Prior to 2007,

there were several cases which held that if the mortgage is not properly acknowledged, then

there isn't constructive notice to a bonafide purchaser, and this renders the mortgage voidable.

*See, e.g.*, *In re Stubbs*, 330 B.R. 717, 725 (Bankr. N.D. Ind. 2005), aff'd 2006 WL 2361814

(N.D. Ind. 2006); *In re Baldwin*, 135 B.R. 586, 594 (Bankr. N.D. Ind. 1991). So in a case such

as this one, where there is a simple error in the acknowledgment – i.e. using the seller's name

instead of the buyer's – the mortgage would be rendered void against a bonafide purchaser (and

recall that the trustee is deemed the equivalent of a bona fide purchaser).

Evidently, the Indiana General Assembly did not care for this result. What sense does it

make that a minor error in the acknowledgment would defeat an otherwise properly recorded

mortgage lien? So Indiana's 115th General Assembly in 2007 amended the Indiana Code by

enacting a curative provision in the form of Indiana Code § 32-21-4-1. What this provision does

is validate instruments that fail to meet all of the technical requirements of recording. The

version of Indiana Code § 32-21-4-1 applicable at the time this dispute arose in 2007 provides:

> (c) This subsection applies only to a mortgage. If:
>
>> (1) an instrument referred to in subsection (a) is recorded;
>> and
>>
>> (2) the instrument does not comply with the:
>>
>>> (A) requirements of:
>>>
>>>> (i) IC 32-21-2-3 . . .
>>
>> the instrument is validly recorded and provides constructive

notice of the contents of the instrument as of the date of filing.

In other words, even if the recording of the mortgage does not meet the technical requirements of Ind. Code § 32-21-2-3, so long as the mortgage is in fact recorded, it will be considered valid, and a bona fide purchaser (or the bankruptcy trustee in his shoes) will be deemed to have constructive notice under § 32-21-4-1. This provision became effective on July 1, 2007, prior to the filing of the bankruptcy in this case. A question immediately arose whether this curative provision was retroactive or not. In other words, did it apply to all mortgages recorded in Indiana at any time, or only to those mortgages that were recorded after the effective date of the statute?

A few months later, the same General Assembly amended § 32-21-4-1 again, this time making it crystal clear that it applied to *all* mortgages no matter when they were recorded. The relevant change, italicized below, now reads as follows:

(c) This subsection applies only to a mortgage. ***This subsection applies regardless of when a mortgage was recorded***.

*See* Ind. Legis. Serv. Pub. L. No. 129-2008 (Mar. 24, 2008)**.** This change in the statute became effective on July 1, 2008. So it is now abundantly clear that regardless of when the mortgage was recorded, it would be valid notwithstanding minor technical defects in the acknowledgment. Had this dispute arose after July 1, 2008, this would be an easy case, and the Trustee plainly could not avoid the mortgage. But this case arose after July 1, 2007 and before the July 1, 2008 clarifying amendment. The issue therefore is whether the 2007 amendment to Ind. Code § 32-21-4-1(c) applies to all mortgages or only those recorded after July 1, 2007 – the

4

effective date of the statute.[1]

The issue presents a question of statutory interpretation. To construe the meaning of the 2007 version of the statute, I give the words chosen by the legislature their plain, ordinary meaning, unless the words are ambiguous. *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 954 (7th Cir. 2004). The general rule in Indiana is that statutes apply prospectively unless there is clear intent from the legislature to apply it retroactively. *Martin v. State*, 774 N.E.2d 43, 44 (Ind. 2002). An exception to the rule applies to remedial statutes, which are statutes intended to cure "a defect or mischief that existed in a prior statute." *Bourbon Mini-Mart, Inc. v. Gast Fuel & Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003). But even if a statute is found to be remedial, it is not mandatory that the statute operate retroactively, and statutes conflicting with common law should be strictly construed. *State of Indiana v. Pelley*, 828 N.E.2d 915, 919-20 (Ind. 2005).

National City argues, applying simple rules of grammar, that the phrase "is recorded" refers simply to the state of being recorded. In other words, the language of the statute suggests that subsection (c) applies to all mortgages that were in fact recorded as of the date of the enactment of the statute on July 1, 2007. And since the mortgage in this case "is recorded" the statute applies to it. National City further argue that use of the word "If" rather than "when" indicates that the General Assembly did not impose a temporal limitation on application of subsection (c). (DE 4, at 16.) The Trustee counters that if the General Assembly wanted to make the statute clearly retroactive, the language from the 2008 amendment – explicitly stating that the statute applies to all mortgages regardless of when recorded – would have been

---

[1] National City also argues that Indiana Code § 36-2-11-16 provides another basis to validate the mortgage. But because I agree with National City that § 32-21-4-1 saves the mortgage, I need not decide the effect of § 36-2-11-16.

included.  (DE 7, at 8-9.)

National City has the better of the argument.  The 2007 version of subsection (c) does not employ a temporal limitation.  It merely states that "If . . . an instrument is recorded" then there is constructive notice even if all of the technical requirements of recording are not met. The term "is recorded" refers to the state of being recorded, meaning it applies to all mortgages that were recorded as of the effective date of the statute.  Moreover, as National City notes, by using the term "If" instead of "when" suggests that the General Assembly intended it to apply to past and future mortgages.  *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340-41 (1997) (finding that because a statute did not include temporal modifiers to the term "employee," that the statute included both former and future employees).

A contrary reading is not plausible.  Under the Trustee's view of things, the 2007 amendment was only applicable to mortgages recorded after July 1, 2007.  But most mortgages last 15 or 30 years.  If the goal of the General Assembly in enacting the 2007 amendment was to address cases such as *In re Stubbs*, where technical deficiencies in the recording of the mortgages defeated those mortgages, why would it not make the statute apply to all existing recorded mortgages?  I fail to see the point of this "fix" if it would take decades to realize in some cases.

In addition to the language of the 2007 amendment, I can also consider the 2008 amendment as evidence of the legislative intent for the 2007 amendment.  Recall that the 2008 amendment made it clear that the statute applied ***"regardless of when a mortgage was recorded."***  Under Indiana law, an amendment to a statute is generally construed to change the prior law, unless it is clear that the "amendment was passed to express the original intent more

6

clearly." *United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455, 460 (Ind. 1999); *see Tedlock v.*

*State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995) (finding that an amendment defining a term in

the prior statute was intended to clarify rather than change the statute); *Olaqunji v. State of*

*Indiana*, 788 N.E.2d 1268, (Ind. Ct. App. 2003) (concluding that an amendment to a sentencing

statute clarified a previous amendment because both amendments served the same purpose).  So

I can consider an amendment to a statute when trying to discern the meaning of the earlier

version of the same statute. *See Security Trust Corp. v. Estate of Fisher*, 797 N.E.2d 789, 793

(Ind. Ct. App. 2003) ("[T]he General Assembly's amendment of a statute may also be indicative

of its intent at the initial enactment of the statute.");  *Martin v. State*, 774 N.E.2d 43 (Ind. 2002).

Judge Klingeberger concluded that the 2008 amendment "changed the substantive scope

of the 2007 amendment," and was not an explanation of the intent of the 2007 amendment.  (DE

7-1, at 11.)  I disagree and believe that a more reasonable view of things is that the legislature's

2008 amendment merely clarified its intent that the 2007 amendment be applied retroactively to

all recorded mortgages.  As National City notes, the 2008 amendment was approved only ten

months after the 2007 amendment.  Ind. Legis. Serv. Pub. L. No. 135-2007 (May 3, 2007); Ind.

Legis. Serv. Pub. L. No. 129-2008 (Mar. 24, 2008).  And it was the same General Assembly –

the 115th – that approved the amendment.

It's a bit of a stretch to suggest that the very same legislative body did an about face

within ten months.  It's much more reasonable to presume that what it really did was simply

clarify it's intent.  If the Trustee's conclusion was true, the General Assembly would have

switched gears completely within that ten-month gap, turning from prospective application to

retroactive application.  The illogical result would be that only proceedings that began after the

7

2008 amendment would receive the retroactive effect of the 2007 amendment. And actions, such as this, that began prior to the 2008 amendment but after the 2007 amendment, would not. It isn't sensible for the General Assembly to leave a gap of time where the statute was not retroactive.

What's more, there was good reason for the General Assembly to make the clarification. As Judge Lee recently pointed out in a case very similar to this one, the General Assembly "passed the 2008 Amendment purely to make its intention even more clear because bankruptcy trustees argued that (contrary to what the legislature intended) the 2007 Amendment did not apply to older mortgages." *In re Gysin*, No. 3:09-cv-184, at 7 (N.D. Ind. July 14, 2009). The position taken by the Trustee in this case proves the point. Although I'm not bound by Judge Lee's opinion in *Gysin*, I find it quite persuasive. So for the reasons Judge Lee set out in *Gysin,* and for the reasons outlined in this opinion, I find that it was an error to avoid the mortgage in this case.

### CONCLUSION

Accordingly, the Bankruptcy Court's determination that the Mortgage is avoidable pursuant to 11 U.S.C. § 544(a)(3) is **REVERSED**.

**SO ORDERED.**

ENTERED: September 10, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT